IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DUNN & FENLEY, LLC, an Oregon limited liability company doing business as K Dunn & Associates, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION ) No. 10-4038-KHV ) |
| DANIEL K. DIEDERICH, | ) ) |
| Defendant. | ) ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

On September 28, 2006, plaintiff filed suit in the United States District Court for the District of Oregon, alleging breach of contract and copyright infringement against defendant Daniel K. Diederich. On March 9, 2010, District Judge Michael R. Hogan transferred the case to the District of Kansas. On September 20, 2011, the parties entered a settlement agreement which deemed plaintiff the prevailing party on all claims and provided that plaintiff could file a motion for attorney's fees. This matter comes before the Court on <u>Plaintiff Dunn & Fenley, LLC's Motion For Award Of Attorneys' Fees</u> (Doc. #166) filed October 28, 2011.[1] For reasons set forth below, the Court finds that the motion should be sustained in part.

**Factual Background**

On January 23, 2003, plaintiff filed with the Copyright Office a Certificate of Registration for four advertisements collectively titled "Estate Planning Seminar Ads." On September 22, 2004, plaintiff filed a Certificate of Registration for a "Living Trust Seminar Presentation System," a series of practice building slides with accompanying text intended to be presented at estate planning

---

[1] The settlement agreement provided that the parties comply with D. Kan. Rule 54.2.

seminars.

Defendant Daniel Diederich has practiced law in Salina, Kansas since 1983. On September 17, 2004, Diederich and plaintiff entered a membership agreement which provided in part as follows:

> The term of this Agreement & License begins October 4, 2004, and continues on a month-to-month basis.
>
> This Agreement & License allows us to use K Dunn & Associates' products and proprietary materials in our practice only during our active membership[.]
> . . .
> So long as this Agreement & License is in force, we understand we can copy and distribute the public seminar handouts, marketing letters and public communication pieces, and we may reproduce for publication any of the advertisements provided by K. Dunn & Associates. We may not copy or reproduce any other licensed materials or products without the express written permission of K. Dunn & Associates.

Doc. #141-1 at 1-2. Diederich agreed to pay a monthly membership and license fee of $1,595.00.

In this lawsuit, plaintiff alleged that after Diederich terminated his membership on November 30, 2005, he infringed plaintiff's copyrights by reproducing plaintiff's ads and practice building slides. Plaintiff also alleged that Diederich breached the membership agreement by continued use of the ads and slides. Diederich took the position that he had not breached the contract and that the materials were not subject to a valid copyright.

On April 25, 2011, defendant filed a motion to refer to the Copyright Office the issue of valid registration and to stay the case pending a referral. See Defendant's Motion For Referral To Copyright Office And For Stay (Doc. #130). On April 29, 2011, the parties filed cross-motions for summary judgment. See Defendant's Motion For Summary Judgment (Doc. #137) and Plaintiff's Motion For Partial Summary Judgment (Doc. #140).

On September 9, 2011, the Court held a status conference and directed the parties to mediate the case. On September 16, 2011, the parties entered a settlement agreement which deemed plaintiff the prevailing party on all claims. The agreement provided that defendant would pay plaintiff

-2-

$50,000.00 and that plaintiff could seek attorney's fees pursuant to D. Kan. Rule 54.2.

## Analysis

Plaintiff seeks to recover $255,111.00 in attorney's fees. Plaintiff correctly points out that the parties' contract provides that "should any dispute arise out of this [a]greement . . . the prevailing party shall be entitled to all attorney fees." Doc. #166-1 at 4. Further, under the Copyright Act, the Court has discretion to award a reasonable attorney's fee to the prevailing party. 17 U.S.C. § 505; see Palladium Music, Inc. v. EatSleepMusic, Inc., 398 F.3d 1193, 1200 (10th Cir. 2005).

Defendant asserts that the Court should overrule plaintiff's motion for attorney's fees because (1) plaintiff has not complied with the consultation requirements of D. Kan. Rule 54.2, (2) plaintiff has not shown that it is entitled to fees under the Copyright Act or under the contract and (3) in any event, plaintiff has not met its burden to establish a reasonable amount of attorney's fees.

### I. Statement of Consultation Under D. Kan. Rule 54.2

D. Kan. Rule 54.2 provides that a court should not consider a motion to award statutory attorney's fees under Fed. R. Civ. P. 54(d)(2) until the moving party first advises the Court, in writing, that the moving party has consulted with the opposing party to try to reach an agreement with regard to the fee award but has been unable to do so. D. Kan. Rule 54.2. The rule specifically requires the movant to present the Court a statement of consultation which sets forth "the date of the consultation, the names of those who participated, and the specific results achieved." Id.

Here, on November 28, 2011, plaintiff filed a Statement Of Consultation Pursuant to Rule 54.2 (Doc. #167-1), which states in relevant part as follows:

> Plaintiff's counsel consulted with defendant's counsel regarding the recovery and the amount of fees by numerous telephone conversations on various dates both before and after plaintiff filed its motion for attorneys' fees pursuant to Fed. R. Civ. P. 54(d)(2). Additionally, the amount of fees sought by plaintiff was discussed by the parties as part of the mediation held in this matter on September 16, 2011, before the

> Honorable James P. O'Hara. The people participating in those conversations were Ken Davis on behalf of plaintiff and Mike Ratoza on behalf of defendant. As a result of those conversations, the parties could not agree as to the amount of fees to be awarded.

Doc. #167-1 at 1-2. Defendant asks the Court to strike the statement of consultation for failure to comply with D. Kan. Rule 54.2. Defendant first notes that the statement does not comply with Rule 54.2 because it does not indicate the date of the consultation. Defendant further points out that the statement relies in part upon the communication during the settlement conference, held six weeks before plaintiff filed its motion for attorney's fees.[1] Defendant points to affidavit evidence that plaintiff did not provide defense counsel any detail of its requested fees until plaintiff filed its memorandum in support of the motion for attorney's fees. See Doc. #170 at 4.

Plaintiff responds that the statement of consultation provides at least one of the dates of the consultation, the names of those who participated and the results achieved. Plaintiff further notes that defendant "overlooks the fact that the entire negotiation of settlement in this matter revolved around how to address the issue of fees," as follows:

> The amount of those fees was extensively discussed at mediation and was part and parcel of the day-long settlement conference. That the entire settlement is based around the fact that the parties could not agree with respect to the amount of fees to be awarded is expressly reflected in part by the Stipulation and Order Concerning Settlement and Prevailing Attorneys' Fees (ECF No. 169). During and after the drafting of this document, the parties' counsel extensively discussed this issue. Further, defendant's own submission (*see* Ratoza Decl. Ex. 2 at 2) reflects an e-mail from plaintiff's counsel to defendant's counsel noting the requirement of the local rule and stating that "[w]hile perhaps a formality in this case," the parties should meet and confer to formalize the process which had been going on in the weeks preceding. Notably, defendant's counsel never responded. As a result, in subsequent phone calls, plaintiff's counsel raised this issue again. Defendant never objected to the form or substance of those communications until the filing of the present opposition. The amount of fees was the stumbling block in this litigation. The amount of those fees was well known to defendant. Defendant's arguments should be rejected.

---

[1] Defendant also asserts that plaintiff's reliance on communication during a confidential mediation "improperly strikes at the heart of the mediation process." Doc. #170 at 3.

Doc. #171-1 at 3. Although the statement of consultation arguably does not contain all of the requirements of D. Kan. Rule 54.2, the Court finds it sufficient in these circumstances. Cf. Wilhelm v. TLC Lawn Care, No. 07-2465-KHV, 2008 WL 4822050, at *1 (D. Kan. Nov. 4, 2008) (striking plaintiff's memorandum in support of motion for attorney's fees because plaintiff had not filed any statement of consultation pursuant to D. Kan. Rule 54.2).

## II.     **Whether Plaintiff Is Entitled To Attorney's Fees**

As noted, plaintiff seeks an award of attorney's fees under the contract which provides that the prevailing party "shall" recover its attorney's fees.[2] Under Oregon law, a Court must award attorney's fees where a contract provides that a prevailing party is entitled to attorney's fees. See Beggs v. Hart, 221 Or. App. 528, 536, 181 P.3d 747, 752 (2008). Thus, under the parties' contract, plaintiff as a prevailing party is entitled to attorney's fees.

Plaintiff also seeks fees under the Copyright Act, which provides the Court discretion whether to award attorney's fees to a prevailing party. 17 U.S.C. § 505; see Fogerty v. Fantasy, Inc., 510 U.S. 517, 524 n.11 (1994). In deciding whether to award fees under the Copyright Act, the Court may consider several nonexclusive factors including frivolousness, motivation, objective unreasonableness of the case and the need in particular circumstances to advance considerations of compensation and deterrence. Frank Music Corp. v. Sugg, 393 F. Supp.2d 1145, 1147 (citing Palladium Music, 398 F.3d at 1200-01 (no precise rule or formula). Here, although the Court does

---

[2] Defendant argues that the Court should proceed only under the Copyright Act because the contract claim represents a restatement of plaintiff's rights under the Copyright Act. Plaintiff counters that courts have awarded fees under contractual fee clauses to plaintiffs who prevailed on both copyright and contract claims. See Harris Market Research v. Marshall Mktg. and Commc'ns, Inc., 948 F.2d 1518, 1527 (10th Cir. 1991) (upholding award of fees under contractual fees clause to prevailing plaintiff who brought claims under both Copyright Act and license agreement); see also Unicom Sys., Inc. v. Farmers Group, Inc.,405 Fed. Appx. 152, 155 (9th Cir. 2010) (upholding attorney's fee awarded to plaintiff under both copyright and breach of contract). In any event, the Court considers many of the same factors under either a copyright or contract analysis.

-5-

not deem defendant's position frivolous, he did not have a well-grounded argument to challenge the validity of plaintiff's copyright of the practice slides. The Court concludes that an attorney's fee award under the Copyright Act is appropriate and will serve to penalize the losing party, to deter continuing infringement, to make the prevailing party whole, and to encourage the proper prosecution of copyright infringements. Frank Music, 393 F. Supp.2d at 1147.

**III.    Reasonable Attorney's Fees**

Courts apply the lodestar method to calculate fee awards under Section 505. Crescent Publ'g Group, Inc.. v. Playboy, 246 F.3d 142, 151 (2nd Cir. 2001); Pinkham v. Camex, Inc., 84 F.3d 292, 294 (8th Cir. 1996) (copyright statute provides for "reasonable" fees based on lodestar figure represented by reasonable hourly rate multiplied by hours expended in litigation). The presumptively reasonable attorney's fee is the product of reasonable hours times a reasonable rate, which yields a "lodestar" figure that is subject to adjustment. Perdue v. Kenny A. ex rel. Winn, --- U.S. ----, ----, 130 S.Ct. 1662, 1673 (2010) (lodestar produces presumptively reasonable fee that court may adjust in "rare circumstances").

In determining whether the requested amount of attorney's fees under a contract is reasonable, "the court is guided by an eight-factor test employed by several Oregon courts" as set out in O.R.S. 20.075(2). See LPP Mortg. Ltd. v. J. Gardner, 2005 WL 2104997, at *2 (D. Or. Aug. 26, 2005); see also Dockins v. State Farm Ins. Co., 330 Or. 1, 997 P.2d 859, 862 n.6 (Or. 2000) (citing Oregon Disciplinary Rule 2-106); McCarthy v. Oregon Freeze Dry, Inc., 327 Or. 84, 957 P.2d 1200, 1205 (Or. 1998)). The factors include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the requisite skill needed to perform the legal services; (2) the likelihood that acceptance of the case would preclude the attorney from taking other cases; (3) the customary fee; (4) the amount involved and the results obtained; (5) any time limitations; (6) the nature and length of the attorney's professional relationship with the client; (7) the attorney's

experience, reputation, and ability; and (8) whether the fee is fixed or contingent. O.R.S. 20.075(2). These factors are similar to those which courts consider under the lodestar analysis, and the Court will therefore conduct a lodestar analysis in determining a reasonable attorney's fee award in this case.

Plaintiff bears the burden of documenting the appropriate hours expended and hourly rates. Jackson, 267 F. Supp.2d at 1063-64 (citing Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1249-50 (10th Cir. 1998)).  Plaintiff's lead attorneys of record are Kenneth Davis II of Lane Powell PC, Portland Oregon, and Cameron Garrison of Lathrop & Gage, Kansas City, Missouri.  Plaintiff has submitted affidavits from both Davis and Garrison verifying the hours that they and their associates spent working on this case.  Plaintiffs seek the following hours and rates for attorneys and staff at the two law firms:

## Lane Powell, PC

| Attorney | Years of Practice | Hourly Rate | Hours |
| --- | --- | --- | --- |
| Kenneth R. Davis II | 14 | $400 | 166.6 |
| Peter D. Hawkes | 7 | $305 | 13.1 |
| Parna A. Mehrbani | 6 | $300-$330 | 6.6 |
| Tiffany S. Connors | 3 | $305 | 7.1 |

| Paralegal | Hourly Rate | Hours |
| --- | --- | --- |
| Deborah Stare | $190-$210 | 17.6 |
| Renee Peck | $190-$200 | 8.3 |
| Diane Kimmel | $190 | 1.5 |

| Researchers | Hourly Rate | Hours |
| --- | --- | --- |
| Linda Tobiska | $175 | 4.3 |
| Annetta Lawson | $155-160 | 1.0 |

**Lathrop & Gage LLP**

| Attorney | Years of Practice | Hourly Rate | Hours |
|---|---|---|---|
| Cameron Garrison | 9 | $290-$305 | 186.5 |
| David Barnard | 16 | $360 | 3.1 |
| Travis McCallon | 7 | $270 | 116.7 |
| Jason Parks | 8 | $270 | 187.6 |
| Luke Meriwether | 4 | $220 | 35.9 |
| Thyannda Mack | 1 | 205 | 36.6 |

| Paralegal | Hourly Rate | Hours |
|---|---|---|
| Christa Mossman | $180-$185 | 77.2 |
| Terry Mueller | $185 | 1.4 |
| Melissa Eckard | $160 | .4 |

### A.  Reasonable Hours

To calculate the lodestar, the Court first considers the hours reflected in the billing statements which plaintiff submitted in support of its fee application. Giesmann v. Aestheticare, LLC, No. 07-2757-KHV, 2008 WL 2549009, *1 (D. Kan., June 24, 2008). The Court examines whether specific tasks are properly chargeable at all, because hours which an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party. Id. The Court then examines the hours expended on each task to determine if they are reasonable. Id.

Defendant argues that plaintiff's proposed hours are unreasonable for four primary reasons: (1) plaintiff has used block billing; (2) plaintiff seeks to recover fees spent unsuccessfully contesting defendant's motion to transfer the case to the Kansas; (3) plaintiff seeks to recover fees for travel time; and (4) plaintiff billed for hours spent "getting up to speed." The Court addresses each of these arguments in turn.

1. Block Billing

Defendant asserts that Lathrop & Gage billing statements include block entries totaling $67,343, and that the Lane Powell billing statements contain block billing entries totaling $18,098. The Court's review of the billing statements, however, does not reveal impermissible block billing. Most of the entries which defendant targets involve logically related tasks, such as researching and outlining a single motion, and do not appear to be attempts to "camouflage" the work that a lawyer performed. See ICE Corp. v. Hamilton Sundstrand Corp., 432 Fed. Appx. 732, 742 (10th Cir. 2011) (no per se rule mandating reduction or denial of fee request based on block billing). Further, here, plaintiff has resubmitted revised entries for each entry which defendant has challenged. These entries demonstrate time used for each task.

2. Time Spent Opposing Motion To Transfer Venue

Defendant argues that the Court should eliminate all time that plaintiff's attorneys spent to oppose defendant's motion to transfer this case to Kansas from Oregon. Defendant argues that it was unreasonable for plaintiff to bring its copyright claim in the District of Oregon, where defendant has no presence, rather than in defendant's home district in the District of Kansas. Plaintiff responds that the contract at issue included a forum selection and jurisdiction clause which designated Lane County, Oregon as the exclusive venue. Plaintiff further notes that the Court in Oregon transferred this case under 28 U.S.C. § 1404(a), for the convenience of the parties and the witnesses. Further, defendant's motion to transfer venue was only a small part of a multi-part motion which also included a motion to dismiss for lack of personal jurisdiction and a motion to dismiss for failure to state a claim under various theories, including copyright preemption. The Court finds that time spent opposing the motion was not unreasonable.

3. Travel Time

Defendant argues that the Court should disallow hours that plaintiff's counsel billed for travel. Plaintiff responds that for each of the three entries which defendant seeks to reject – time billed on November 18, 2009, September 15 and September 16, 2011 – plaintiff's counsel only billed hours during which counsel was actually working on the case. Indeed, the entries for these dates clearly indicate that counsel conducted substantive work while traveling and properly billed for only that time.

4. "Getting Up to Speed" Entries

Defendant seeks to disallow time which plaintiff's counsel spent in "getting up to speed" on the case. See Moreno v. City of Sacramento 534 F.3d 1106, 1112 (9th Cir. 2008) (court may reduce number of hours awarded for unnecessarily duplicative work). Plaintiff points out, however, that the majority of the time that defendant asks the Court to disallow was recorded on May 6, 2009, which is the first entry by plaintiff's lead lawyer, Ken Davis, when he took over the case from prior counsel. Plaintiff notes that it does not seek any amount of fees for the law firm which handled the case for more than two years before that. Thus, plaintiff argues that the fees billed on May 6, 2009 do not reflect any duplication of work.[3] The Court agrees.

B. **Reasonable Rates**

In determining what constitutes a reasonable hourly rate, the court should base its decision on evidence which shows the market rate for analogous litigation. See Perdue,130 S.Ct. at 1672; Case v. U.S.D. No. 233, 157 F.3d 1243, 1255 (10th Cir. 1998). The fee applicant bears "the burden of showing that the 'requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Ellis, 163 F.3d

---

[3] Defendant also seeks to disallow several other entries for small amounts of time, but does not specify why, and Court finds no basis to disallow them.

-10-

at 1203.

The chart, supra, sets out the proposed hourly fees for plaintiff's counsel. Plaintiff has submitted affidavits which detail the experience and skill of each of the attorneys and staff members. The evidence supports a finding that the requested hourly rates are in line with hourly rates charged by lawyers and staff with similar experience and skill in the cities where they practice. Defendant argues, however, that the rates which plaintiff seeks for the Lane & Powell attorneys and staff inappropriately reflect Oregon rather than Kansas rates. Defendant correctly points out that in setting the hourly rate, the Court should establish a billing rate for each lawyer based upon the norm for comparable private firm lawyers in the area in which the Court sits at the time the court awards fees. Aquilino v. Univ. of Kan., 109 F. Supp.2d,1319, 1324 (D. Kan. 2000).

Plaintiff responds that as to time spent by Oregon counsel *before* the court in the District of Oregon transferred this case on March 23, 2010 (and as to time which Oregon counsel spent on depositions in Oregon after the transfer), the Court should not reduce the fees to Kansas City rates. Plaintiff implicitly concedes, however, that a reduction of the lodestar is appropriate to account for the higher Oregon rates after the transfer. The Court agrees. Based on the rates and hours set forth above, the lodestar is $255,111.00, minus a reduction of $12,266.00 to account for the higher Oregon billing rates, for a lodestar of $242,845.00.

### C. Adjustments To The Lodestar

Defendant asks the Court to reduce the lodestar downward to take into account the limited success achieved by plaintiff. Although defendant acknowledges that the result obtained is not included within the non-exclusive Fogerty factors, he argues that the Court should significantly reduce the lodestar, citing numerous non-copyright cases from this and other jurisdictions. See, e.g.,

Hensley v. Eckerhart, 461 U.S. at 436 (in civil rights litigation court retains discretion to adjust award commensurate with degree of success); Caputo v. Prof'l Recovery Servs., Inc., 2004 WL 1503953, *9 (D. Kan. 2004) (acceptance of $15,000 offer of judgment where plaintiff sought multi-million dollar damages justified downward adjustment); Spegon v. Catholic Bishop of Chi., 175 F.3d 544, 559 (7th Cir. 1999) (upholding reduction of modified lodestar by one-half where offer of judgment accepted was substantially less than monetary and equitable relief requested); Thomas v. Nat'l Football League Players Ass'n, 273 F.3d 1124, 1130, n.9 (D.C. Cir. 2001) (district court has discretion to consider settlement negotiations in determining reasonableness of fees).

In analyzing the degree of success obtained, the Court qualitatively assesses the significance of plaintiff's successes and failures. See Dill v. City of Edmond, 72 Fed. Appx. 753, 757 (10th Cir. 2003). Here, defendant points out that the settlement was "a small fraction of the amount of damage" claimed by plaintiff. Indeed, plaintiff sought damages of $862,285.00, but settled the case in exchange for defendant's agreement to change his power point slides and pay $50,000.00 plus any attorney's fees which the Court might award. Defendant submits that the Court should reduce the lodestar in a similar degree, e.g., by 94 per cent.[4]

Before the status conference on September 9, 2011, the Court conducted a thorough review of the factual and legal issues in this case. Based on the Court's review, at the status conference the Court observed that this was a "garden-variety" contract and copyright case and that it appeared

---

[4] In evaluating whether to adjust the lodestar amount when the prevailing party obtains only partial success, the court considers whether (1) the claims on which plaintiff did not prevail were related to those on which plaintiff did prevail and (2) the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. Metz, 39 F.3d at 1493. Here, plaintiff prevailed on both claims and a reduction of the lodestar is not warranted on the grounds that plaintiff failed to prevail on unrelated claims. See, e.g., Robinson v. City of Edmond, 160 F.3d 1275, 1282-84 (10th Cir. 1998) (district court erroneously reduced lodestar where the unsuccessful claims were intertwined with the successful claims through a common core of facts or related legal theories).

likely that plaintiff would prevail on both claims if the case proceeded to trial. The Court further opined that both parties had incurred significantly more attorney's fees than justified by the amount actually in dispute. Although it is difficult to determine the proper amount of reduction, based on the entire record, the Court finds that an 80 per cent reduction in the $242,845.00 lodestar is warranted.[5] The Court therefore finds that plaintiff is entitled to $48,569.00 in attorney's fees.

Dated this 2nd day of February, 2012 at Kansas City, Kansas.

s/Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[5] The Court would reach the same conclusion if it were to address the reasonableness of the hourly rates proposed in this case. This case could have been handled quite competently by less expensive lawyers and it did not involve sophisticated intellectual property issues. The Court would also reach the same decision if it were to address the redundant participation by Oregon counsel when the case was transferred to this district. While D. Kan. Rule 83.5.4(c) required local counsel, and while plaintiff may have preferred continuity of representation, the record shows that on the whole, this case involved substantial over-lawyering and litigation tactics which were not commensurate with the economic realities of the parties or the issues at stake in the lawsuit. The fact that this lawsuit was pending for five years suggests that counsel on both sides were too focused on procedural wrangling and insufficiently focused on figuring out how to solve their clients' problems.